Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA 90036
T: (323) 988-2400; F: (866) 802-0021
Attorneys for Plaintiff,

E-FILING

ORIGINAL FILED
AUG 0 4 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

ADR

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

C08 03730 RMW PVT

| | |
|---|---|
| JOAN-JOY MCCARTHY, <br><br> Plaintiff, <br><br> vs. <br><br> THE RICKENBACKER GROUP, INC. <br><br> Defendant. | Case No.: <br><br> **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

## COMPLAINT

COMES NOW the Plaintiff, JOAN-JOY MCCARTHY ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, THE RICKENBACKER GROUP, INC., alleges and affirmatively states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of THE RICKENBACKER GROUP, INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

6. Because Defendant Maintains a business office and conducts business in the state of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Hollywood, County of Broward, State of Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business headquarters in the City of Morgan Hill, County of Santa Clara, State of California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment of an alleged debt.

13. Defendant has failed to provide Plaintiff with anything in writing, including a written notice of her rights to dispute and seek validation of the alleged debt.

14. Defendant places multiple collection calls to Plaintiff nearly everyday in an attempt to collect upon the alleged debt.

15. Defendant places multiple collection calls to Plaintiff's mobile phone during Plaintiff's work hours despite Plaintiff's continued efforts to inform Defendant that such calls are not permitted and are inconvenient to her.

16. Plaintiff has sent more than one written notice to Defendant requesting a cease or telephone contact. (See Exhibit A).

VERIFIED COMPLAINT

17. Defendant continues to place collection calls to Plaintiff despite receiving these written requests.

## COUNT I

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

19. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the FDCPA § 1692c(a)(1) when Defendant, through its agents and employees, communicated with Plaintiff at times known to be inconvenient as Plaintiff has informed Defendant as such numerous times.

b). Defendant violated the FDCPA § 1692c(a)(3) when Defendant, through its agents and employees, placed collection calls to Plaintiff during her work hours after being informed that Plaintiff cannot take such calls at those times.

c). Defendant violated the FDCPA § 1692c(c) when Defendant, through its agents and employees, continued to placed collection calls to Plaintiff despite having received more than one written request for a cease in such communications.

d). Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, placed numerous calls a day and caused Plaintiff's phone to ring constantly and continuously in an attempt to annoy and harass Plaintiff.

e). Defendant violated the FDCPA § 1692g(a) when Defendant, through its agents and employees, failed to provide Plaintiff with written notice of her rights to dispute and seek validation of the alleged debt.

20. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation. (See Exhibit B).

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

21. Declaratory judgment that the Defendant's conduct violated the FDCPA.

22. Actual damages.

33. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

24. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

25. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: July 31, 2008        KROHN & MOSS, LTD.

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOAN-JOY MCCARTHY, hereby demands trial by jury in this action.

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiff, JOAN-JOY MCCARTHY, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOAN-JOY MCCARTHY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/3/1/08

JOAN-JOY MCCARTHY.
Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

VERIFIED COMPLAINT

Joan-Joy McCarthy
3300 North State Road 7
Mail stop B-122
Hollywood, FL 33021

Rickenbacker Group
15005 Concord Circle
Morgan Hill, CA 95037

Reference: Harassing Telephone Calls to 786-546-3542

To Whom It May Concern:

Take note and you are by these presents so notified that I do not have any business or other relationship with you and I demand that you cease and desist from your telephone harassment campaign of multiple calls placed daily to my mobile telephone number.

I am not indebted to you, or any other third party, and I demand that you forward all documents or other items that evidence the alleged debt for which you seek recovery.

Be further advised that I have referred this matter to Counsel and do you govern yourself accordingly by complying with this demand that you cease all telephone calls to the above referenced telephone number.

Yours truly,

*Joan-Joy McCarthy*

Joan-Joy McCarthy

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES  NO
2. Fear of answering the telephone — YES  NO
3. Nervousness — YES  NO
4. Fear of answering the door — YES  NO
5. Embarrassment when speaking with family or friends — YES  NO
6. Depressions (sad, anxious, or "empty" moods) — YES  NO
7. Chest pains — YES  NO
8. Feelings of hopelessness, pessimism — YES  NO
9. Feelings of guilt, worthlessness, helplessness — YES  NO
10. Appetite and/or weight loss or overeating and weight gain — YES  NO
11. Thoughts of death, suicide or suicide attempts — YES  NO
12. Restlessness or irritability — YES  NO
13. Headache, nausea, chronic pain or fatigue — YES  NO
14. Negative impact on my job — (YES)  NO
15. Negative impact on my relationships — YES  NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

They call on my cell number when I am at work to teach profoundly mentally handicapped children and I must keep an open line in case of medical emergencies.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/31/08

Signed Name: Joy McCarthy

Joan-Joy McCarthy