1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   KaminskiD@cmtlaw.com
2  LARISSA G. NEFULDA, ESQ., (SBN #201903)
   NefuldaL@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   THE RICKENBACKER GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOAN-JOY MCCARTHY,<br><br>    Plaintiff,<br><br>vs.<br><br>THE RICKENBACKER GROUP, INC.<br><br>    Defendant. | CASE NO. C08-03730 RMW PVT<br><br>**DEFENDANT THE RICKENBACKER GROUP, INC.'S ANSWER TO COMPLAINT** |

**COMES NOW** Defendant, THE RICKENBACKER GROUP, INC. ("Defendant"), appearing for itself and for no other person, firm or entity, files its Answer to the Complaint of Plaintiff, JOAN-JOY MCCARTHY ("Plaintiff"), an individual, by admitting, denying and alleging as follows:

1. Answering Paragraph 1 of the Complaint, the allegations set forth are conclusions of law and therefore, no response is required.

2. Answering Paragraph 2 of the Complaint, the allegations set forth are conclusions of law and therefore, no response is required.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff brought this action against Defendant. Defendant denies the remaining allegations therein.

1

4.     Answering Paragraph 4 of the Complaint, no response is required.

5.     Answering Paragraph 5 of the Complaint, Defendant admits that this Court generally has jurisdiction over claims arising under 15 U.S.C. § 1692k(d), but denies that Plaintiff has any such claim herein.

6.     Answering Paragraph 6 of the Complaint, Defendant admits the allegations therein.

7.     Answering Paragraph 7 of the Complaint, Defendant admits that generally venue would be proper if Plaintiff had a valid claim, but denies that Plaintiff has any claim herein.

8.     Answering Paragraph 8 of the Complaint, Defendant denies the allegations therein.

9.     Answering Paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

10.    Answering Paragraph 10 of the Complaint, Defendant admits the allegations therein.

11.    Answering Paragraph 11 of the Complaint, Defendant admits the allegations therein.

12.    Answering Paragraph 12 of the Complaint, Defendant admits that it called Plaintiff. As for the remaining allegations, Defendant denies the allegations therein.

13.    Answering Paragraph 13 of the Complaint, Defendant denies the allegations therein.

14.    Answering Paragraph 14 of the Complaint, Defendant admits it called Plaintiff. As for the remaining allegations, Defendant denies the allegations therein.

15.    Answering Paragraph 15 of the Complaint, Defendant admits it called Plaintiff. As for the remaining allegations, Defendant denies the allegations therein.

16.    Answering Paragraph 16 of the Complaint, Defendant denies the allegations therein.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations therein.

18. Answering Paragraph 18 of the Complaint, Defendant hereby incorporates all of the above paragraphs of this Answer as though fully stated herein.

19. Answering Paragraph 19 of the Complaint, Defendant denies the allegations therein.

20. Answering Paragraph 20 of the Complaint, Defendant denies the allegations therein.

**PRAYER FOR RELIEF**

21. Answering Paragraph 21 of the Prayer, Defendant denies Plaintiff is entitled to the relief requested.

22. Answering Paragraph 22 of the Prayer, Defendant denies Plaintiff is entitled to the relief requested.

23. Answering Paragraph 23 of the Prayer, Defendant denies Plaintiff is entitled to the relief requested.

24. Answering Paragraph 24 (erroneously numbered 33) of the Prayer, Defendant denies Plaintiff is entitled to the relief requested.

25. Answering Paragraph 25 of the Prayer, Defendant denies Plaintiff is entitled to any other relief.

**FIRST AFFIRMATIVE DEFENSE**

26. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

27. As a separate, affirmative defense, Defendant alleges that the alleged actions of defendants were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq.

/ / /

### THIRD AFFIRMATIVE DEFENSE

28. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant was justified under the circumstances based on information reasonably available to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

29. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

### FIFTH AFFIRMATIVE DEFENSE

30. As a separate, affirmative defense, Defendant alleges that Defendant never engaged in any conduct which would violate Plaintiff's privacy rights.

### SIXTH AFFIRMATIVE DEFENSE

31. As a separate, affirmative defense, Defendant allege that Defendant's conduct, communications and actions, if any, were privileged.

### SEVENTH AFFIRMATIVE DEFENSE

32. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTH AFFIRMATIVE DEFENSE

33. As a separate, affirmative defense, Defendant alleges that the Plaintiff is barred from any recovery against this answering Defendant by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

34. As a separate, affirmative defense, Defendant alleges that Plaintiff's cause of action for Declaratory Relief is not available to private litigants under the Fair Debt Collection Practices

1 | Act, 15 U.S.C. § 1692, et seq.

## TENTH AFFIRMATIVE DEFENSE

35. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692(k)(a)(1), § 1692(k)(a)(2)(A), § 1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

## ELEVENTH AFFIRMATIVE DEFENSE

36. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. § 1692(k)c.

## TWELFTH AFFIRMATIVE DEFENSE

37. As a separate, affirmative defense, Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**WHEREFORE**, this answering Defendant prays,

1. That Plaintiff take nothing by reason of her Complaint;
2. For judgment in favor of Defendant, and against Plaintiff;
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

DATED: September 5, 2008          CARLSON & MESSER LLP


By /s/ David J. Kaminski
David J. Kaminski, Esq.
Larissa G. Nefulda, Esq.
Attorneys for Defendant
THE RICKENBACKER GROUP, INC.